IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MARCUS ANTHONY TERRELL,** | : | |
| **Plaintiff,** | : | |
| v. | : | No. 5:23-cv-00315-TES-CHW |
| **WARDEN SEALS,** *et al.*, | : | |
| **Defendants.** | : | |

### ORDER

Plaintiff Marcus Anthony Terrell, an inmate in Central State Prison in Macon, Georgia, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff also moved for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 3. On consideration of these filings, the United States Magistrate Judge recommended that the Court deny Plaintiff's motion to proceed *in forma pauperis* and dismiss Plaintiff's complaint pursuant to the three-strikes rule. R. & R., ECF No. 8. Over Plaintiff's objections, this Court adopted the recommendation and dismissed Plaintiff's complaint. Order, ECF No. 12.

Plaintiff has now filed a motion for leave to amend and supplement the complaint.[1]

---

[1] Plaintiff styles the motion as a motion to amend and supplement the original complaint. Fed. R. Civ. P. 15(d) provides that a court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Plaintiff's proposed amendment does not include any allegations relating to events that occurred after he filed the original complaint. Thus, this is more appropriately considered as a motion to amend.

Mot. for Leave to File Am. & Suppl. Compl., ECF No. 14. Under Fed. R. Civ. P. 15(a)(1), a plaintiff may amend his pleading once as a matter of course within twenty-one days after service. As the complaint in this case was not served on any defendants, Plaintiff had the right to amend his complaint before the Court dismissed the case.

Plaintiff signed this motion on December 12, 2023, the day before this Court entered the order dismissing this case. *See id.* at 22, 23. Thus, assuming that the prison mailbox rule applies to Plaintiff's motion to amend, the Court deems it as having been filed before the case was dismissed. *See Houston v. Lack*, 487 U.S. 266 (1988). To that end, the Court now **GRANTS** the motion to amend, **VACATES** the order of dismissal and judgment (ECF Nos. 12 & 13), and enters this order. On review of the complaint, as amended, the Court still **DENIES** leave to proceed *in forma pauperis* and **DISMISSES** this case **WITHOUT PREJUDICE** under the three-strikes rule.

As the Magistrate Judge explained in the original recommendation of dismissal, the Prison Litigation Reform Act precludes a prisoner from proceeding *in forma pauperis* when courts have dismissed three or more of that prisoner's cases on certain grounds. 28 U.S.C. § 1915(g). Plaintiff does not dispute that he is subject to the three-strikes rule. Therefore, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger" exception in § 1915(g). *Medberry*, 185 F.3d at 1193.

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (1th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past

injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception is only to be applied in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is a serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff's original complaint focused largely on several past incidents of alleged assaults and also included some discussion of health issues. In the amended complaint, Plaintiff refers back to some of the incidents and health issues that he discussed in the previous complaint. Mot. for Leave to File Am. & Suppl. Complaint 1-2, ECF No. 14. Plaintiff goes on to discuss an alleged deprivation of property. *Id.* at 3-4. Plaintiff then asserts that officials at several institutions have failed to provide him medical treatment on certain occasions, wrongfully placed him in segregation, allowed him to be attacked by a cellmate, and put him into a cell with a transgender inmate. *Id.* at 4-10.

Plaintiff contends that these events demonstrate a policy of putting him in harm's way, *id.* at 10-17, but his allegations in this regard are general and conclusory. Notably, Plaintiff describes isolated past events that occurred over an unclear period of time, and he does not allege any facts to show that these events are related. Moreover, Plaintiff does not set forth facts showing any ongoing conditions of violence after the April 2023 incident to show that, at the time he filed the complaint, there was a genuine emergency which was likely to result in his physical injury. *See generally id.*

With regard to his health issues, Plaintiff does seem to assert certain ongoing

conditions including swelling in his legs and numbness in some of his toes. *Id.* at 9. On this point, however, Plaintiff does not connect the health conditions with any named defendant. *See id.* Thus, even if the Court were to conclude that these health conditions present a danger of harm, Plaintiff has not alleged facts showing that he is in imminent danger of serious physical injury due to the actions of any named defendant.[2]

Therefore, Plaintiff's allegations do not demonstrate that he is in imminent danger of serious physical injury. Accordingly, the Court now **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* and **DISMISSES** his complaint **WITHOUT PREJUDICE**.[3] Moreover, the Court **DENIES** Plaintiff's motion for a preliminary injunction **AS MOOT**.

---

[2]Taken further, if this Court were to allow Plaintiff to go forward based on his claim that he is in danger from these health conditions, the Court would then dismiss this claim for failure to state a claim because Plaintiff has not alleged facts showing that any named defendant has been deliberately indifferent to his serious medical needs. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (explaining that, to state a claim for deliberate indifference to a serious medical need, a prisoner must allege facts to show that he had a medical need that was objectively serious and that the defendant was deliberately indifferent to that need). Moreover, Plaintiff's claims relating to violent incidents would not be properly joined to the deliberate indifference claim because Plaintiff's conclusory allegation that these incidents are part of a policy to cause him harm do not actually demonstrate that these incidents arise out of the same transaction, occurrence, or series of transactions or occurrences as the deliberate indifference claim. *See* Fed. R. Civ. P. 20(a)(2) (regarding joinder). Thus, this Court would still dismiss Plaintiff's complaint even if the Court granted leave to proceed *in forma pauperis* and conducted a preliminary review of the complaint.

[3]In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit. Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $405.00 filing fee.

**SO ORDERED**, this 1st day of February, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**