IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MARCUS ANTHONY TERRELL,** *Plaintiff,* v. **WARDEN SEALS,** *et al., Defendants.* | **CIVIL ACTION NO.** **5:23-cv-00315-TES-CHW** |

**ORDER GRANTING LEAVE TO SUPPLEMENT MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

Pro se Plaintiff Marcus Anthony Terrell filed this lawsuit on August 23, 2023, and moved for leave to proceed *in forma pauperis* ("IFP") in this action. [Doc. 1]; [Doc. 3]. On February 1, 2024, the Court issued an Order denying Plaintiff's Motion for Leave to Proceed IFP in this action and dismissing this case. [Doc. 15]. On February 26, 2024, Plaintiff filed a Motion for Leave to Appeal IFP [Doc. 18] but failed to attach an affidavit showing his "inability to pay or to give security for fees and costs." Fed. R. App. P. 24(a)(1).

Under Federal Rule of Appellate Procedure 24(a)(1), "a party to a district-court action who desires to appeal [IFP] must file a motion" and attach an affidavit that "shows . . . the party's inability to pay or to give security for fees and costs." Rule 24 provides only one exception to the financial affidavit requirement: "A party who was permitted to proceed [IFP] in the district-court action . . . may proceed on appeal [IFP]

without further authorization." Fed. R. App. P. 24(a)(3).

Here, the Court denied Plaintiff's Motion to Proceed IFP in this action, so the Rule 24(a)(3) exception is unavailable. [Doc. 15 (denying Plaintiff's Motion for Leave to Proceed IFP under the three-strikes rule)]; Fed. R. App. P. 24(a)(3). Therefore, the Court cannot authorize Plaintiff to appeal IFP unless he files a motion that clears the hurdle of Rule 24(a)(1). Fed. R. App. P. 24(a)(1) ("The party *must* attach an affidavit . . . .") (emphasis added). Plaintiff failed to attach the financial affidavit required by Rule 24(a)(1)(A), so the Court cannot authorize him to appeal IFP. Fed. R. App. P. 24(a)(1)(A). However, the Court will give Plaintiff an opportunity to cure the defect in his Motion.

Accordingly, the Court **GRANTS** Plaintiff leave to supplement his Motion **within 14 days of this Order** by filing an affidavit that satisfies the requirements of Federal Rule of Appellate Procedure 24(a)(1)(A). Because this is a handwritten Motion from a pro se Plaintiff who "has no access to a law library or copier," the Court won't require Plaintiff to re-write his entire Motion—he may cure the defect by filing the financial affidavit alone. [Doc. 18, p. 9]. For the same reasons, the Court **DIRECTS** the Clerk of Court to provide to Plaintiff a copy of the standard Motion to Proceed Without Prepayment of Fees and Affidavit.

**SO ORDERED**, this 28th day of February, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
