# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MARCUS ANTHONY TERRELL,<br><br>   *Plaintiff*,<br><br>v.<br><br>WARDEN SEALS, *et al.*,<br><br>   *Defendants.* | **CIVIL ACTION NO.**<br>**5:23-cv-00315-TES-CHW** |

## ORDER DENYING MOTION TO APPEAL *IN FORMA PAUPERIS*

Pro se Plaintiff Marcus Anthony Terrell filed this lawsuit on August 23, 2023, and moved for leave to proceed *in forma pauperis* ("IFP") in this action. [Doc. 1]; [Doc. 3]. On February 1, 2024, the Court issued an Order denying Plaintiff's Motion for Leave to Proceed IFP and dismissing this case under the three-strikes rule. [Doc. 15]. Plaintiff filed this Motion [Doc. 18] on February 26, 2024, seeking the Court's authorization to appeal IFP, but Plaintiff failed to attach the required financial affidavit to his Motion. *See* Fed. R. App. P. 24(a)(1).

Under the Federal Rules of Appellate Procedure, "a party to a district-court action who desires to appeal [IFP] must file a motion" and attach an affidavit that "shows . . . the party's inability to pay or to give security for fees and costs." *Id.* The only exception to this requirement is found in Rule 24(a)(3): "[a] party who was permitted to proceed [IFP] in the district-court action . . . may proceed on appeal [IFP]

without further authorization." Fed. R. App. P. 24(a)(3).

Here, because the Court did not permit Plaintiff to proceed IFP in this action, he cannot appeal IFP without the Court's authorization. Fed. R. App. P. 24(a)(1), 24(a)(3); [Doc. 15]. However, without the required financial affidavit, the Court cannot grant Plaintiff the authorization that he seeks. Fed. R. App. P. 24(a)(1). Mindful of Plaintiff's pro se status, on February 28, 2024, the Court granted Plaintiff leave to supplement his Motion and provide an affidavit within 14 days—by March 13, 2024. [Doc. 21, p. 2]. Plaintiff's deadline has come and gone, and the docket reflects that he has failed to take advantage of the opportunity to provide the information that the Court requires. Thus, his Motion remains defective, and the Court cannot grant it. *See* Fed. R. App. P. 24(a)(1).

Accordingly, because Plaintiff's Motion is fatally defective under the Federal Rules of Appellate Procedure, the Court **DENIES** Plaintiff's Motion to Appeal IFP [Doc. 18]. *See* Fed. R. App. P. 24(a)(1).

**SO ORDERED**, this 1st day of April, 2024.

S/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**